Curia, per

JghnsoN, J.
An ordinance of the city council, of May, 1801, imposes a penalty of $ on any person who shall sell or publicly expose for sale, any goods, wares or merchandize on the Lord’s day ; and two several actions were brought against the defendant, to recover the penalty for a violation of the ordinance on two several days.
The defendant kept a retail liquor store in Elliott street; and the only evidence (which was the same in both the cases) was that his shop door was open, and that several persons were in the house, and that on one occasion, one of them had a tumbler in his hand; but there is no proof that he sold any thing, or that he offered or exposed anything for sale, except the fact of the doors being open, and persons being therein ; and the presumption arising from *302 this circumstance, if, indeed, any presumption of guilt can arise from it, is repelled by proof that the weather was very warm, and that these doors were the only means of ventilating the apartment in which defendant usually sat and ate, and by the evidence of his clerk, that nothing was sold on either day. The jury .certainly had the right to disbelieve the clerk, and their powers in relation to the inferences to be drawn from facts proved, are very great. But I am ignorant of any rule which authorizes the presumption of a fact from the proof of others, not necessarily leading to that conclusion, and particularly when more satisfactory evidence is known to exist. The ordinance does not make it an offence to open a shop door on Sunday, for the purpose of ventilating the apartment — nor does it punish the admission of persons into it — nor is it presumable that the inhabitants would willingly submit to a restraint which would, in some degree, exclude them from society, deprive them of a necessary comfort in summer, and probably, in confined situations like this is described to be, the preservation of health ; and all that is proved here is entirely consistent with the innocence of the defendant, and the most profound respect for the ordinance. The law presumes the innocence of the party accused— guilt must be proved — and if we give the defendant the benefit of this presumption, we ought to conclude, in the absence of proof, that if his visiters attempted to seduce him to violate it, as a good and faithful citizen he answered, “ the law forbids it, and I won’t violate it.” If proof that defendant kept a shop, and that persons were seen in it on the Sabbath, constitute proof of the violation of the ordinance, it is not improbable that an action might be maintained against every shop keeper in the city, for every Sabbath in the year. We conclude, therefore, that there is no proof authorizing the presumption of defendant’s guilt. A new trial is therefore ordered.
0’Neall,-J. concurred.